**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William M. BILECK, Defendant-Appellant.**

**No. 85–1436.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1985.

Decided Oct. 31, 1985.

John H. Long, Springfield, Ill., for defendant-appellant.

K. Tate Chambers, Asst. U.S. Atty., Gerald D. Fines, U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Before BAUER, and WOOD, Circuit Judges, and GRANT, Senior District Judge.*

BAUER, Circuit Judge.

Defendant William Bileck was convicted of thirty-nine counts of mail fraud in violation of Title 18, § 1341 of the United States Code. The court sentenced the defendant to fourteen years imprisonment to be followed by five years probation and ordered the defendant to pay restitution in the amount of $4,360. On appeal, the defendant presents two principal arguments. First, he argues that he was denied assistance of counsel and due process of law because the trial court denied his motion for continuance of trial. Second, the defendant argues that the court erred in allowing the government to question its own witnesses concerning their felony convictions. We disagree with both arguments and affirm the judgments of conviction.

Defendant's mail fraud scheme spanned the state of Illinois and defrauded scores of businesses. Bileck solicited money under the names of the Illinois Police and Law

* The Honorable Robert A. Grant, Senior District Judge from the Northern District of Indiana, is sitting by designation.

Enforcement Journal and the Illinois Firefighters Journal. He also trained and employed others to solicit money under the scheme.

## I.

Defendant first argues that he was denied effective assistance of counsel and thus due process of law because the trial court denied his motion for a continuance prior to trial. In support of this argument, defendant contends that his counsel did not have sufficient time to prepare a defense. Defense counsel had six and one-half days to prepare for trial.

The defendant relies on *United States v. Golub*, 694 F.2d 207 (10th Cir.1982), also a reasonably complex mail fraud case, to support his claim that his Sixth Amendment rights were violated. However, in that case one week was held to be an adequate time to prepare for trial even though counsel had to deal with a very uncooperative client who failed to keep appointments and who failed to respond to his inquiries or to supply him with information regarding the government's case.

The United States Supreme Court has repeatedly stated that the granting of a continuance is within the trial judge's discretion. *Ungar v. Sarafite*, 376 U.S. 575, 589–90, 84 S.Ct. 841, 849–50, 11 L.Ed.2d 921 (1964), *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). We held in *United States v. Phillips*, 640 F.2d 87, 92 (7th Cir.1981) that a denial of a continuance, by itself, does not amount to a denial of effective assistance of counsel. This court held in *United States v. Berkwitt*, 619 F.2d 649 (7th Cir.1980), that the Sixth Amendment guarantees a defendant the right to counsel whose performance meets the minimum professional standards. In evaluating the adequacy of representation, the court held that "much depends on the nature of the charge, on the evidence known to be available to the prosecution, on the evidence susceptible of being produced at once or later by the defense, and on the experience and capacity of defense counsel."

The test for ineffectiveness of counsel is whether the counsel's conduct so undermined the proper functioning of the trial that the adversarial process was unjust. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that his counsel's actions or omissions at trial "fell below an objective standard of reasonableness," 104 S.Ct. at 2065–66, and that a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. The record reflects that the defendant's counsel presented a vigorous defense at trial. Counsel made numerous pretrial motions, requested discovery, made timely objections, conducted vigorous cross examination, and filed timely post-trial motions. Counsel more than satisfied the reasonableness standard. In his appeal defendant points out no specific instances of prejudice. In addition, defendant was represented by two counsel at trial. Mr. Vern Evans, who is counsel to Mr. Long's firm, was present throughout the entire trial and assisted Mr. Long in the defense of the defendant.

## II.

Defendant's argument that the court erred in allowing the government to impeach the credibility of its own witnesses concerning their felony convictions must also fail. It was entirely proper for the government to make these inquiries of its witnesses. The government's questioning of its own witnesses concerning prior felony convictions is admissible to enable the jury to weigh the credibility of the witnesses. The determination of a witness's credibility and evaluation of all the factors that go into it is entirely up to the jury.

Rule 607 of the Federal Rules of Evidence provides that: "The credibility of a witness may be attacked by any party including the party calling him." The Advisory Committee Notes on Rule 607 point out that the "traditional rule against impeaching one's own witness is abandoned as based on false premises. A party does not

hold out his witness as worthy of belief, since he rarely has a choice in selecting them." In other words, the government had no choice in whom the defendant chose as his compatriots, and should not be required to vouch for their credibility. The candor of the prosecutor in eliciting the fact that a witness has a felony conviction is to let the jury know precisely the kind of witness he is relying on. Such a technique is proper and often used. *United States v. Bad Cob*, 560 F.2d 877, 883 (8th Cir.1977).

We have considered the other issues raised in the appellant's brief and determined that the district court acted properly in each instance. We affirm the judgment of the district court.

AFFIRMED.